

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,940-01

**SHANTA RENCHIE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1537886-A
### IN THE 337TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. YEARY, J., concurred.

## O P I N I O N

Applicant pleaded guilty to of delivery of a controlled substance and was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to ninety days' imprisonment in county jail. Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that she was denied due process and that her plea was involuntary because she did not know of the bad acts of the officer who implicated her in this alleged offense. The State and the trial court agree that the presumptively false evidence used to justify the arrest of Applicant was material, and that her plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex.

Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and the trial court both recommend granting relief. We agree. Applicant is entitled to relief.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in Cause No. 153788601010 in the 337th Judicial District Court of Harris County is set aside, and Applicant is remanded to the Harris County Sheriff to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     AUGUST 23, 2023
Do Not Publish